## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ALEXIS IMAN WILLIAMS,

     Plaintiff,

-vs-                       CASE NO.

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; BRIDGECREST CREDIT
COMPANY, LLC; and VYSTAR
CREDIT UNION,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ALEXIS IMAN WILLIAMS (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), BRIDGECREST CREDIT COMPANY, LLC (hereinafter "Bridgecrest"), and VYSTAR CREDIT UNION (hereinafter "VyStar") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; VyStar's principal address is in this District; Defendants transact business within this District; and a substantial portion of the violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating,

and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.   Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.   Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.   Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.   Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.   Bridgecrest is a corporation with its principal place of business in the State of Arizona and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.   Bridgecrest is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.   Bridgecrest furnished information about Plaintiff to Experian and Trans Union which was inaccurate.

19.   VyStar is a corporation headquartered at 76 South Laura Street in Jacksonville, Florida 32202.

20.   VyStar is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2

21.   VyStar furnished information about Plaintiff to Experian and Trans Union which was inaccurate.

## FACTUAL ALLEGATIONS

22.   Plaintiff is alleged to owe a debt to Bridgecrest, partial account number 20026356*, as to an automobile loan (hereinafter "Bridgecrest Account"). Plaintiff does not have an account with Bridgecrest and never applied or gave permission to anyone to apply using her information for the Bridgecrest Account.

23.   Plaintiff is alleged to owe a debt to VyStar, partial account number 51075094*, as to a loan (hereinafter "VyStar Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the VyStar Account.

24.   Plaintiff has been a victim of identity theft for several years.

5

25.   In or about March 2024, Plaintiff was monitoring her credit report and first became aware of the Bridgecrest Account and VyStar Account.

26.   On or about March 1, 2024, Plaintiff added a personal statement to her credit file regarding the fraudulent activity:

---

**Personal statements**

27& 03-01-24 2499947 ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 904-678-7175. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 03-01-24.

---

27.   On or about March 1, 2024, Plaintiff filed a police report with the Jacksonville Sheriff's Office regarding the identity theft and fraudulent accounts, which was updated with additional information on or about March 11, 2024.

28.   Shortly thereafter, Plaintiff learned that the Bridgecrest Account was opened with her Social Security number and the name "Alexis Shonterrica Williams". Plaintiff's middle name is "Iman".

29.   Shortly thereafter, Plaintiff submitted a dispute online to Experian and Trans Union regarding the fraudulent Bridgecrest Account and VyStar Account.

30.   On or about March 6, 2024, Plaintiff received dispute results from Trans Union which stated the VyStar Account was verified as accurate.

31.   Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

32.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

33.     Upon information and belief, Trans Union notified VyStar of Plaintiff's dispute. However, VyStar failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

34.     On or about March 11, 2024, Plaintiff contacted Carvana who advised the Bridgecrest Account was for the financing of a 2016 Chevy Malibu. Plaintiff advised that she was a victim of identity theft and that the account was fraudulent.

35.     On or about March 19, 2024, Plaintiff mailed a letter to Trans Union disputing the continued reporting of the fraudulent Bridgecrest Account and VyStar Account.

36.     On or about March 26, 2024, Plaintiff received dispute results from Experian which stated the VyStar Account was deleted from her credit report.

37.     On or about April 3, 2024, Plaintiff received dispute results from Tran Union which stated the Bridgecrest Account was verified as accurate and that the VyStar Account was deleted from her credit report.

38.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

39.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

40.     Upon information and belief, Trans Union notified Bridgecrest of Plaintiff's dispute. However, Bridgecrest failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

41.     On or about April 9, 2024, Plaintiff received dispute results from Experian which stated the Bridgecrest Account was verified and remains on her credit report.

42.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

43.     Experian never attempted to contact Plaintiff during the alleged investigation.

44.     Upon information and belief, Experian notified Bridgecrest of Plaintiff's dispute. However, Bridgecrest failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.     On or about May 24, 2024, Plaintiff obtained a copy of her Experian credit report. Plaintiff attempted to obtain a copy of her Trans Union credit report

but received a message that it was not available. Upon review, Plaintiff observed two (2) names which were incorrect and did not belong to her. Further, Plaintiff observed the Bridgecrest Account continued to be reported with a balance of $17,266, and the VyStar Account continued to be reported with a balance of $994.

46.     On or about May 28, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 173106935. In this report, she explained that she was a victim of identity theft, and that there were erroneous and fraudulent accounts listed in her credit report.

47.     On or about May 29, 2024, Plaintiff mailed a detailed dispute letter to Experian and Trans Union regarding the inaccurate reporting. In the letter, Plaintiff explained she was a victim of identity theft and that there were names appearing in her credit report which did not belong to her. Further, Plaintiff explained the Bridgecrest Account and VyStar Account were fraudulent and did not belong to her. In the letter, Plaintiff included an image of her driver's license, Social Security card, and recent bank statement as proof of identity. Plaintiff also included images of the erroneous reporting, images of the FTC Identity Theft Report, images of information regarding the police report filed with the Jacksonville Sheriff's Office, and other supporting documents.

48.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Experian (9589 0710 5270 2092 3273 45) and Trans Union (9589 0710 5270 2092 3273 69).

49.     On or about June 5, 2024, Plaintiff received a response from Trans Union which stated it was unable to block information on her credit report because the request was missing essential personal identifying information despite Plaintiff having provided her current driver's license, Social Security card, and recent bank statement.

50.     On or about June 5, 2024, Plaintiff also received dispute results from Trans Union which stated the Bridgecrest Account and VyStar Account were deleted from her credit report.

51.     On or about June 17, 2024, Plaintiff received dispute results from Experian which stated her personal identifying information was updated. Plaintiff did not receive dispute results as to the Bridgecrest Account and VyStar Account. However, upon review of her updated Experian credit report, Plaintiff was relieved to observe the erroneous accounts were no longer reported.

52.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the error(s);

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error(s);

iv.   Plaintiff's debt to income ratio was affected by the high balance of $17,266; and

v.   Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

53.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

54.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

11

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     Experian allowed for Furnisher(s) to report inaccurate information on an account.

56.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

57.     Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

58.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

59.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

60.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

61.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

62.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

63.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

64.    Experian allowed for Furnisher(s) to report inaccurate information on an account.

13

65.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

66.     Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

67.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

68.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

71.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

72.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.     Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed

to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

75.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

76.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

77.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

16

78.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

79.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

80.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

81.     Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

82.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming

from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

84.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Trans Union LLC (Negligent)**

85.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

86.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

18

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

87.     Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

88.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

89.     Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

90.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

91.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

92.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

94.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

95.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

96.     Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

97.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

98.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

99.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

100.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

21

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

103.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

104.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know Is unreliable.

105.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

106.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

107.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

108.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

109.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

110.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

111.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know Is unreliable.

112.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

113.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

114.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Bridgecrest Credit Company, LLC (Negligent)

117.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

118.   Bridgecrest furnished inaccurate account information to Experian and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

119.   After receiving Plaintiff's disputes, Bridgecrest violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the accounts; (ii) failing to review all relevant information regarding same; (iii) failing

to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

120.   Plaintiff provided all the relevant information and documents necessary for Bridgecrest to have identified that the account was fraudulent.

121.   Bridgecrest did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Bridgecrest by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

122.   Bridgecrest violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

123.   As a direct result of this conduct, action and/or inaction of Bridgecrest, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and inaction of Bridgecrest was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

125.   Plaintiff is entitled to recover costs and attorney's fees from Bridgecrest in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual damages against Defendant, BRIDGECREST CREDIT COMPANY, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Bridgecrest Credit Company, LLC (Willful)

126.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

127.   Bridgecrest furnished inaccurate account information to Experian and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

128. After receiving Plaintiff's disputes, Bridgecrest violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

129. Plaintiff provided all the relevant information and documents necessary for Bridgecrest to have identified that the account was fraudulent.

130. Bridgecrest did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Bridgecrest by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

131. Bridgecrest violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

132.   As a direct result of this conduct, action and/or inaction of Bridgecrest, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and inaction of Bridgecrest was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Bridgecrest in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BRIDGECREST CREDIT COMPANY, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, VyStar Credit Union (Negligent)

135.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

29

136.   VyStar furnished inaccurate account information to Experian and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

137.   After receiving Plaintiff's disputes, VyStar violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

138.   Plaintiff provided all the relevant information and documents necessary for VyStar to have identified that the account was fraudulent.

139.   VyStar did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to VyStar by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

140. VyStar violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

141. As a direct result of this conduct, action and/or inaction of VyStar, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

142. The conduct, action, and inaction of VyStar was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

143. Plaintiff is entitled to recover costs and attorney's fees from VyStar in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual damages against Defendant, VYSTAR CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, VyStar Credit Union (Willful)**

144.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-two (52) as if fully stated herein.

145.    VyStar furnished inaccurate account information to Experian and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

146.    After receiving Plaintiff's disputes, VyStar violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

147.    Plaintiff provided all the relevant information and documents necessary for VyStar to have identified that the account was fraudulent.

148.    VyStar did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to VyStar by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which

32

did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

149.   VyStar violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

150.   As a direct result of this conduct, action and/or inaction of VyStar, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

151.   The conduct, action, and inaction of Discover was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

152.   Plaintiff is entitled to recover costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VYSTAR CREDIT UNION, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALEXIS IMAN WILLIAMS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; BRIDGECREST CREDIT COMPANY, LLC; and VYSTAR CREDIT UNION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 19th day of June 2024.

Respectfully Submitted,

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000

Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*